## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DREW WARREN,               :    Civil No. 1:22-CV-01309
                              :
         Plaintiff,         :
                              :
         v.                 :
                              :
DONEGAL MUTUAL INSURANCE   :
COMPANY and PENNSYLVANIA    :
NATIONAL MUTUAL CASUALTY    :
INSURANCE COMPANY,        :
                              :
         Defendants.      :    Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Before the court is a motion to dismiss the complaint.  Plaintiff Drew

Warren ("Warren") was hit by an automobile driven by an underinsured motorist

and seeks insurance coverage from the insurance companies named as defendants

in this action.  Defendants, Donegal Mutual Insurance Company ("Donegal") and

Pennsylvania National Mutual Casualty Insurance Company ("Penn National"),

argue that the complaint should be dismissed for insufficient service of process,

improper venue, and failure to state a claim.  (Docs. 8, 11.)  For the reasons

explained below, the court will deny the motion to dismiss.  Additionally, the court

will grant Warren leave to effectuate proper service.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On the night of September 3, 2021, Warren was riding a bicycle in Avalon, New Jersey.  (Doc. 1, ¶ 13.)  While riding through an intersection, he was hit by an automobile driven by an underinsured third-party motorist ("Tortfeasor") who did not see him.  (*Id.*)  As a result of the injuries Warren sustained from the accident, he was airlifted to Atlantic City Trauma Center.  (*Id.* ¶ 2.)  Warren avers that the accident caused him "serious and permanent injuries," which require ongoing medical treatment.  (*Id.*)

Warren alleges that, at the time of the accident, he had an insurance policy with Penn National, which included Underinsured Motorist (UIM) coverage up to $100,000.  (*Id.* ¶ 16.)  Warren's parents, with whom he lived at the time of the accident, live in Pennsylvania and have an insurance policy with Donegal.[1]  (*Id.* ¶ 11.)  Their policy provided UIM coverage up to $600,000 per person.  (*Id.* ¶ 12.)  Warren asserts that by being a resident relative of his parents, who are the Donegal policyholders, he was eligible for stacking coverage under their policy.  (*Id.* ¶ 3.)  Defendant Donegal does not contest this claim.  By virtue of Warren residing with

---

[1] Defendants assert that, at the time of the accident, Warren lived in Cumberland County, Pennsylvania.  (Doc. 8, p. 9.)  But at the time this action was filed, Warren resided in New York. (Doc. 1, ¶ 6.)  Therefore, there is complete diversity between Warren and Defendants, which are incorporated in and have their principal places of business in Pennsylvania.  (*Id.* ¶¶ 7–8.)

his parents, this stacking coverage entitled Warren to UIM benefits under his parent's policy.  (*Id.*)

On or about May 27, 2022, Warren received Tortfeasor's insurance policy limit of $25,000.  (Doc. 15, p. 5).[2]  On June 16, 2022, Warren sent a demand for the UIM policy limits to Defendants to cover the rest of Warren's expenses.  (Doc 1, ¶¶ 33, 40.)  After Defendants denied the demands for UIM coverage, Warren commenced this action on August 19, 2022.  (Doc. 15, p. 3.)  In the complaint, Warren alleged that Tortfeasor's negligence caused the accident.  (Doc. 1, ¶¶ 51, 61.)  Warren alleges that Tortfeasor operated his vehicle in violation of the Motor Vehicle Code; failed to observe and yield the right of way; and knew Warren was in danger yet did not exercise care.  (*See id.*; Doc. 15, p. 2.)  The complaint also alleges that Tortfeasor's State Farm insurance paid Warren, suggesting fault on behalf of Tortfeasor.  (*Id.*)

Warren served Defendants using certified mail on or about September 1, 2022.  (*See* Docs. 3, 4.)  On September 20, 2022, Penn National filed a motion to dismiss.  (Doc. 8.)  Donegal filed a motion to join Penn National's motion to dismiss on September 29, 2022, which this court granted.[3]  (Docs. 11, 12.)  In

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[3] Because the court granted this motion, it will refer to the motion to dismiss as if it were raised by both Penn National and Donegal.

Defendants' motion to dismiss, they argue that the complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b) for three reasons.  (Doc. 8, p. 3.)  First, they argue that Warren failed to effectuate valid service under Fed. R. Civ. P. 12(b)(5).  (*Id*.) Next, they argue that under Fed. R. Civ. P. 12(b)(3) the insurance contract's forum selection clause renders the United States District Court for the Middle District of Pennsylvania an improper venue.  (*Id*.)  Finally, they argue that Warren failed to plead a plausible claim under Fed. R. Civ. P. 12(b)(6).  (*Id*.)

In Warren's opposition brief, he concedes that service was improper and requests that the court grant him leave to effectuate valid service.  (Doc. 15, p. 7.) Warren, however, disputes Defendants' arguments regarding venue and the sufficiency of his pleading under Rule 12(b)(6). (*Id*.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and, based on the allegations in the complaint, the amount in controversy exceeds $75,000.

## DISCUSSION

Defendants bring three arguments to dismiss Warren's complaint under Rule 12(b).  (Doc. 8, p. 2.)  First, they argue that service was insufficient under Rule 12(b)(5) due to Warren's use of certified mail—a method not permitted under state or federal rules when serving process on a corporation.  (*Id.*)  Warren concedes this

point, and requests leave to effectuate proper service.  (Doc. 15, p. 8.)  Second,

Defendants argue under Rule 12(b)(3) that the language of the insurance policies

impose a binding forum selection clause which renders this venue improper.  (Doc.

8, p. 9.)  Warren counters that the language of the clause permits the action to

proceed in this court.  (Doc. 15, p. 9.)  Finally, Defendants argue that the facts

alleged in the complaint are generic, and that the allegations of negligence are

conclusory and thus fail to meet pleading standards under Rule 12(b)(6).  (Doc. 8,

p. 7.)  In response, Warren claims that the pleadings adequately state a plausible

claim that meets the pleading standard.  (Doc 15, p. 11.)

### A. Insufficient Service

In Defendants' motion to dismiss, they first argue that service through

certified mail is insufficient for effectuating service of process upon a corporate

entity.  (Doc. 8, p. 7.)  They maintain that Warren's reliance on certified mail and

failure to send a waiver is ineffective under the state and federal rules governing

service.  (*Id.*)  Warren concedes this point.  He asks the court to strike his prior

attempts at service and grant him leave to effectuate proper service.  (Doc. 15, p.

1.)

Rule 12(b)(5) allows for dismissal for insufficient service of process.  Fed.

R. Civ. P. 12(b)(5).  The party alleging the insufficiency of service "bears the

burden of proof on that issue."  *Grand Ent. Group v. Star Media Sales*, 988 F.2d

476, 488 (3d Cir.1993). When evaluating a motion to dismiss for insufficient service of process, district courts possess "broad discretion." *See Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992). Often, courts are reluctant to dismiss an action when a plaintiff fails to effect proper service but acts in good faith. *Ramada Worldwide Inc. v. Shriji Krupa*, LLC, No. 07-2726 (JLL) 2013 WL 1903295, at *5 (D.N.J. Apr.17, 2013). Instead, "courts will elect to quash service and grant plaintiff additional time to properly serve the defendant." *Id.*

Rule 12(b)(5) requires effective service. Fed. R. Civ. P. 12(b)(5). Rule 4(e) defines the allowable ways to provide effective service in a judicial district of the United States. *See* Fed. R. Civ. P. 4(e). Under the federal rules, service may be effectuated by following the rules of the state in which the district court is located or where service is made. *Id.* Unless a plaintiff obtains a waiver, Rule 4 does not allow service by mail. *See id.* Moreover, the Pennsylvania Rules of Civil Procedure do not authorize service by mail, including certified mail. *See* Pa. R. Civ. P. 400 (requiring that "original process shall be served within the Commonwealth only by the Sheriff"); *See also Kucher v. Fisher*, 167 F.R.D. 387, 399 (E.D. Pa. 1996) (citing *Cahill v. Schults*, 643 A.2d 121, 125 (Pa. 1994) (holding that process delivered through certified mail is improper)). Accordingly, in this case, Warren properly concedes that service by certified mail was improper.

Because service was ineffective, the next task is to determine whether good cause exists to grant plaintiff an extension of time to effectuate service. *Cunningham v. New Jersey,* 230 F.R.D. 391, 393 (D.N.J. 2005) (citing *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)); *see also* Fed. R. Civ. Pro. 4(m) (providing that courts may grant additional time for a plaintiff who failed to deliver proper service beyond the statutory time limit if good cause for the failure can be shown).  If there is good cause, the court "must extend time for service and the inquiry is ended."  *Id.*  Absent good cause, a court has discretion whether to grant a plaintiff extended time or to dismiss the case without prejudice.  *Id.*

In determining whether a plaintiff has shown good cause to warrant an extension to effectuate proper service, court should consider: "(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." *Cunningham,* 230 F.R.D. at 393 (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir.1995)).

Here, although Warren relied on an improper method to service process, Defendants make no argument that Warren's use of mail was unreasonable.  After failing to comply with the service requirements, Warren has been in communication with county sheriffs to obtain proper personal service.  Moreover,

7

Warren's counsel has made three attempts to confer with counsel for each

Defendant on this matter to no avail.  Warren has demonstrated that he acted

reasonably in attempting to cure the deficiency.  In addition, Defendants, whose

counsel entered their appearances, were on notice of this action and filed a motion

to dismiss.  As a result, they will not be prejudiced if the court grants Warren leave

to effectuate valid service.  *See Boley v. Kaymark,* 123 F.3d 756, 759 (3d Cir.1997)

(holding that prejudice occurs where plaintiff's delay limits defendant's ability to

defend).

Given the good faith attempts to remedy the issue after Warren realized his

fault and the lack of any prejudice to the Defendants, the court concludes that

Warren has shown good cause.  As a result, he will be granted the ability to

effectuate proper service upon Defendants.  The court will quash Warren's prior

attempts at delivering service and grant Warren leave to remedy this deficiency.

As a result, the court will deny Defendants' motion to dismiss pursuant to Rule

12(b)(3).

### B. Improper Venue

Defendants move to dismiss for improper venue under Rule 12(b)(3)

because they contend that the forum selection clauses in their policies preclude this

court as an appropriate venue.  Warren disagrees.  When venue is improper, Rule

12(b)(3) provides defendants relief in the form of transfer or, if there is no

appropriate venue to transfer the action, dismissal.  Fed. R. Civ. P. 12(b)(3).  In raising a 12(b)(3) motion to dismiss, it is the defendant's burden to show that venue is improper.  *Blockman v. First Am. Mktg. Corp.,* 459 F. App'x. 157, 160 (3d Cir. 2012).  If a plaintiff files a complaint in an improper forum, "district courts are required either to dismiss or transfer to a proper forum." *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–66); 28 U.S.C. § 1406(a).  Motions to dismiss for improper venue "generally require the court to accept as true the allegations of the pleadings." *Heft v. AAI Corp.,* 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).

To prove that venue is improper, defendants "may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." *Heft*, 335 F. Supp. 2d at 762 (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)).  If venue is improper, then courts should lean towards transfer because "dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *Spiniello Cos. v. Moynier*, No. 13-5145, 2014 WL 7205349, at

*14 (D.N.J. Dec. 17, 2014) (quoting *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*,

17 F. Supp. 2d 317, 319 (D.N.J. 1998)).

> The Penn National policy contains the following forum selection clause:

> "A legal action may be brought against us only in a court *of competent jurisdiction in the county and state* of your legal domicile at the time of the accident."

(Doc. 8, p. 8.)  The forum selection clause of the Donegal policy reads as follows:

> "A legal action to determine coverage questions of the applicable limits of this coverage, whether filed by us, the "insured" making a claim against us or a person claiming to be an "insured," must be filed in a *court of competent jurisdiction in the county and state* in which the person making the underinsured motorist claim resides at the time of the accident."

(Doc. 11, ¶ 17.)

Defendants aver that because the policyholders resided in Cumberland

County, Pennsylvania at the time of the accident, these clauses only allow Warren

to bring his claim in the Cumberland County Court of Common Pleas.  (*Id.*)

Defendants interpret the clauses to mean that proper venue is in Cumberland

County Court, not the United States District Court for the Middle District of

Pennsylvania.  (*Id.* at 9.)  As a result, Defendants request that the court dismiss the

complaint for improper venue.

In opposition, Warren contends that the forum selection clauses must be

interpreted broadly.  (Doc. 15, p. 7–10.)  He argues that this court is one of the

courts "of competent jurisdiction" in Cumberland County.  (*Id.* at 12.)  Warren

asserts that the clauses do not contemplate a specific court. Instead, it allows for venue in any court the jurisdiction of which extends to Cumberland County. Because this district court's jurisdiction encompasses Cumberland County, Warren maintains that venue is proper under the clauses. (*Id*. at 12–14.)

In insurance contracts, forum selection clauses are presumptively valid and enforceable. *O'Hara v. First Liberty Ins. Corp.,* 984 A.2d 938, 942 (Pa. Super. Ct. 2009) (citation omitted) (noting that forum selection clauses are only unenforceable when induced by fraud, are so unfair as to practically deprive a party of the opportunity to be heard, or violate public policy). Here, the parties do not dispute that the clauses are valid and enforceable. They only dispute whether the clauses allow the case to proceed in this court. The operative language specifies that a legal action may be brought only "in a court of competent jurisdiction in the county and state" in which the claimant resides, or was domiciled, at the time of the accident. The relevant county is Cumberland County, Pennsylvania.

Therefore, the issue is whether the language of the clause permits litigation in the Middle District of Pennsylvania given that Cumberland County is within the geographic boundaries of this district. *See id.* at *7. Because courts are not at liberty to rewrite an insurance contact, they may only construe clear and unambiguous language to mean what it says. *Freitas v. Geisinger Health Plan,*

11

542 F.Supp.3d 283, 302 (M.D. Pa. 2021) (quoting *Henglein v. Colt Industries Operating Corp.,* 260 F.3d 201, 215 (3d. Cir. 2001).  Relevant for interpretation here are the words "court of competent jurisdiction" and "*in the* county and state of [Plaintiff's] legal domicile," language which appears in both clauses.  (Doc. 8, p. 9.)  Accordingly, this court will interpret the phrase "court of competent jurisdiction. . . *in the* county" and whether it contemplates a federal district court that exercises jurisdiction over the specific county.

Defendants rely on the *Thomas-Brady* case, which involved similar clauses. (*Id.* at 10–11 (quoting *Thomas-Brady Liberty Mut. Fire Ins. Co.*, 2011 WL 6150643 (E.D. Pa. Dec. 12, 2011)).)  In *Thomas-Brady,* the Eastern District of Pennsylvania construed a forum selection clause to require actions to be brought in the state court sitting in the relevant county.  *See Thomas-Brady,* 2011 WL 6150643.  The plaintiff brought an action in the Eastern District of Pennsylvania against an insurer to collect on UIM coverage.  *Id.* at *1.  The forum selection clause required actions "be brought in a court of competent jurisdiction in the county and state of [Plaintiff's] legal domicile."  *Id.*  The Eastern District, though it had jurisdiction over the relevant county, Montgomery County, was not physically located "within" the Montgomery County.  The court concluded that the clause was unambiguous.  *Id.* at *3.  Plaintiff's argument that Montgomery County was "within the geographic boundaries of the Eastern District of Pennsylvania" was

rejected because the court found that it "impermissibly broadens the clear language of the policy." *Id.* Therefore, the court dismissed the case for improper venue.

Warren counters that in two other cases the Eastern District of Pennsylvania has come to the opposite conclusion when analyzing the same forum selection language. (Doc. 15, pp. 8–10 (citing *Epps v. 1.I.L., Inc.*, 2007 WL 4463588 (E.D. Pa. Dec. 19, 2007); *Otto v. Erie Ins. Exchange*, 11 F. Supp. 3d 482 (E.D. Pa. 2014); *Fienman v. USAA Cas. Ins. Co.*, No. CV 20-5170, 2020 WL 6381399 (E.D. Pa. Oct. 30, 2020)).) On the basis of these decisions, Warren argues that if a valid forum selection clause identifies a specific and exclusive county court, and there is no valid federal district courthouse in that county, then the clause will be interpreted to require the dispute to be heard in state court. *See Mizauctions, LLC v. Cross,* No. 5:17-CV-02935, 2017 WL 3602079 (E.D. Pa. Aug. 22, 2017). In *Mizauctions,* a plaintiff brought an action in the Eastern District pursuant to a contract that contained a forum selection clause. *Id.* at *3. The forum selection clause stated that any action "shall be *solely* in courts located in Lancaster County, Pennsylvania, and the parties hereby waive objection to venue and jurisdiction of such courts." *Id.* Because the clause required that all disputes be litigated solely in Lancaster County courts, the district court concluded that the parties did *not* desire to litigate disputes in federal court "merely because this district *encompasses* Lancaster County." *Id.* The court mentions that when a federal court is physically

13

located within a specified county, then it may be reasonable to construe the clause to permit an action within that federal court instead of the specific state court. *Id.* (citing *All Health Grp., LLc v. Bridging Health Options, LLC,* 553 F.3d 397, 399–400 (5th Cir. 2008).

Here, the policy language simply requires suits to be brought in "a court of competent jurisdiction in the county. . ." of the insured. This distinguishes *Mizauctions*, which names a specific county where actions must be brought and the parties explicitly waive jurisdiction in other tribunals. (Doc. 8, p. 8.) Instead, the plain language of the forum selection clauses requires that Warren bring an action in a "court of competent jurisdiction" in the county of Warren's domicile. (Doc. 8, p. 8.) The Middle District of Pennsylvania's jurisdiction includes Cumberland County, Pennsylvania. As a result, this court is a court of competent jurisdiction in Cumberland County. Therefore, the court concludes that the plain meaning of the forum selection clauses allowed Warren to file this action in this court.[4] As a result, the court will deny Defendants motion to dismiss pursuant to Rule 12(b)(3).

## C. Failure to State a Claim

Defendants argue that the complaint should be dismissed for failure to state a claim. Rule 12(b)(6) requires that courts dismiss a complaint for failure to state a

---

[4] The court perceives the clauses as unambiguous in allowing Warren to bring this action in the Middle District of Pennsylvania. But to the extent that any ambiguity existed in the clauses, it would be construed against the drafters. In this case, the drafters are Defendants, so the outcome would be the same.

14

claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Nevertheless, "conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *McGinnis v. Hammer*, 751 F. App'x 287, 290 (3d Cir. 2018).

Defendants argue that Warren's allegations of negligence, which form the foundation of his UIM claims, are generic and conclusory.  (Doc. 8, p. 11-12.)  For a plaintiff to recover under a theory of negligence, they must prove that: (1) the defendant was under a "legally recognized duty or obligation" to act in a certain way; (2) the defendant breached that duty; (3) there was a causal connection

between that breach and the plaintiff's injury; and (4) the plaintiff experienced an actual injury or damage. *Eckroth v. Pennsylvania Elec., Inc.,* 12 A.3d 422, 447 (Pa. Super. 2010). Defendants argue that Warren's complaint fails to establish the second element. (Doc. 8, p. 11–12.) He fails to allege any specific section of the Motor Vehicle Code the violation of which would qualify as negligence per se on behalf of the Tortfeasor. (*Id.*) Nor does the complaint specifically allege that Tortfeasor did not have the right of way at the time of the accident. (*Id.* at 12.)

Warren's brief in opposition does not even attempt to point to specific facts that plead negligence. (Doc. 15, p. 14.) Instead, Warren asserts generally that the complaint is sufficient to put Defendants on notice. (*Id.*)

Although the complaint does not articulate any specific violation of the Motor Vehicle Code, it does allege facts which could plausibly qualify as negligence. These include Tortfeasor failing to have the vehicle under proper control, failure to observe and yield to the right of way of others, failing to operate the vehicle with due care, and operating the vehicle with the knowledge that Warren was in danger of being injured. (Doc. 1, p. 7.) These facts are sufficient to plausibly claim that Tortfeasor breached the duty of care in operating the vehicle. Additionally, the complaint alleges that Tortfeasor's insurance paid Warren its policy limit of $25,000, which suggests that the Tortfeasor's insurer found that Tortfeasor was at fault in the accident. (*Id.* at ¶ 29.) On this basis, the court

16

concludes that Warren's complaint plausibly pleads a claim against Defendants. Because Warren has pleaded sufficient facts to establish a plausible claim of negligence, from which his UIM claims arise, the court will deny Defendants' motion to dismiss pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, the court will deny Defendants' motion to dismiss for improper service, improper venue, and failure to state a claim.  The court will grant Warren leave to effectuate proper service.  An implementing order will follow.

Dated:  May 4, 2023                    s/Jennifer P. Wilson
                                       JENNIFER P. WILSON
                                       United States District Judge
                                       Middle District of Pennsylvania